UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **JOSHUA HICKLE AND REYES LAGUNAS**, individually and on behalf of all others similarly situated, | § §  Docket No. 2:15-cv-00130-MRH § § |
| Plaintiffs, | § **JURY TRIAL DEMANDED** § |
| vs. | § § |
| **COSTY'S ENERGY SERVICES, LLC,** | § **COLLECTIVE ACTION** § **PURSUANT TO 29 U.S.C. § 216(b)** § |
| Defendant. | § § § |

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Joshua Hickle and Reyes Lagunas ("Plaintiffs") file this First Amended Class and Collective Action Complaint against Defendant Costy's Energy Services, LLC ( "Costy's" or "Defendant") to recover the unpaid overtime wages owed to Defendant's hourly workers under the Fair Labor Standards Act ("FLSA") and Pennsylvania Minimum Wage Act ("PMWA"). As shown below, Defendant failed to compensate Plaintiffs and all other similarly situated hourly employees using an overtime rate computed in accordance with the requirements of the FLSA and the PMWA. Specifically, Defendant violated the FLSA by failing to pay Plaintiffs' an overtime premium at the required when Plaintiffs worked in excess of forty hours in a single work week. Defendant's illegal pay practices were applied to all hourly workers, regardless of individualized factors. As a result, Plaintiffs bring this lawsuit as a collective action on behalf of themselves and all those similarly situated.

## JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

## PARTIES

4. Hickle was employed by Costy's during the relevant statutory time period as an hourly employee. He regularly worked in excess of 40 hours a week without receiving overtime pay calculated in accordance with the requirements of the FLSA. His written consent has been filed with the Court.

5. Lagunas was employed by Costy's during the relevant statutory time period as an hourly employee. He regularly worked in excess of 40 hours a week without receiving overtime pay calculated in accordance with the requirements of the FLSA. His written consent has been filed with the Court.

6. Plaintiffs bring this action on behalf of themselves and all other similarly situated hourly employees under §16(b) of the FLSA. 29 U.S.C. §216(b) (the "FLSA Class"). The FLSA Class was subjected to the same FLSA violations as Plaintiffs and is properly defined as:

> **ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WORKED FOR COSTY'S ENERGY SERVICES, LLC OVER THE PAST THREE YEARS ("FLSA Class")**

Further, Plaintiffs Rule 23 claims arising from the Pennsylvania Minimum Wage Act apply to the following class:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WORKED FOR COSTY'S ENERGY SERVICES, LLC OVER THE PAST THREE YEARS IN PENNSYLVANIA ("PMWA Class")**

The members of the FLSA and PMWA Classes are easily ascertainable from Defendant's business and personnel records.

7. Defendant Costy's Energy Services, LLC has been served and filed an answer in this case.

### COVERAGE UNDER THE FLSA

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTS**

12. Costy's Energy Services is an oilfield service company offering a wide ride range of services to the oil and gas industry in states within the North East.

13. Costy's employed numerous hourly employees which were utilized to provide oil and gas production and exploration related services to its clients.

14. Costy's regular scheduled these hourly employees to work well in excess of forty hours in a single week. Costy's denied these hourly employees the correct amount of overtime as required by the FLSA and PMWA.

15. Plaintiffs and all those similar situated in the FLSA and PMWA classes worked for Costy's as hourly employees.

16. Plaintiffs and all those similar situated in the FLSA and PMWA classes worked well in excess of forty hours in a work week.

17. Plaintiffs and all those similar situated in the FLSA and PMWA classes were paid various rates for shop and field work. On information and belief, Plaintiff Lagunas received $21.00 per hour when he performed casing work for Costy's. Lagunas also received $16.00 per hour when he performed containment work. Lastly, Lagunas received $10.00 per hour when he worked in the shop. Costy's did not properly blend the overtime rates in accordance with the FLSA and PMWA and denied Lagunas overtime at the required rate of one and one half times the regular rate of pay.

18. For the purposes of an FLSA and PMWA overtime claim, Plaintiffs and the FLSA and PMWA Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

19. Plaintiffs and the FLSA and PMWA Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

20. Defendant owes back overtime wages to the entire FLSA and PMWA Class Members.

### FLSA VIOLATIONS

21. As set forth herein, Defendant violated the FLSA by failing to pay Plaintiff and the FLSA Class Members proper overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a).

22. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the FLSA Class Members proper overtime compensation. Defendant's failure to pay overtime compensation was neither reasonable, nor was the decision not to pay overtime made in good faith.

23. Accordingly, Plaintiffs and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### VIOLATION OF PENNSYLVANIA MINIMUM WAGE ACT

24. The conduct alleged above violates the PMWA (43 Pa. Stat. Ann. § 333.104) for employees who work in Pennsylvania for Defendant.

25. At all relevant times, Defendant was subject to the requirements of the PMWA.

26. At all relevant times, Defendant employed Plaintiffs, and each member of the PMWA Class, as an "employee" within the meaning of the PMWA.

27. The PMWA require employers like Defendant to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week. Plaintiffs and the PMWA Class were entitled to overtime pay under the PMWA.

28. Defendant has a policy and practice of failing to pay overtime to Plaintiffs and the other PMWA Class Members at the required rate.

29. Plaintiffs and the PMWA Class Members seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

30. Plaintiffs and the PMWA Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs incorporate all previous paragraphs and allege that the illegal pay practices Defendant imposed on Plaintiffs were similarly imposed on the FLSA and PMWA Class Members.

32. Numerous employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

33. Numerous other employees who worked with Plaintiffs have indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

34. Based on their experiences and tenure with Defendant, Plaintiffs are aware that the illegal practices or policies of Defendant have been imposed on the FLSA and PMWA Class Members.

35. The FLSA and PMWA Class Members all received were not afforded the correct overtime compensation when they worked in excess of forty (40) hours per week.

36. Defendant's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the FLSA and PMWA Class Members.

37. Plaintiffs' experiences are therefore typical of the experiences of the FLSA and PMWA Class Members.

38. The specific job titles or precise job locations of the various FLSA and PMWA Class Members do not prevent class or collective treatment.

39. Plaintiffs have no interests contrary to, or in conflict with, the members of the FLSA and PMWA Class Members. Like each member of the proposed classes, Plaintiffs have an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

40. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

41. Absent this action, many FLSA and PMWA Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and applicable state labor laws.

42. Furthermore, even if some of the FLSA and PMWA Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

43. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

44. The questions of law and fact common to each of the FLSA and PMWA Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendant employed the FLSA and PMWA Class Members within the meaning of the applicable state and federal statutes, including FLSA and PMWA;

    b. Whether the FLSA and PMWA Class Members were properly paid overtime using the correct regular rate of pay;

    c. Whether Defendant's decision to not paid time and a half for overtime to the FLSA and PMWA Class Members was made in good faith; and

    d. Whether Defendant's violation of the FLSA and PMWA was willful.

45. Plaintiffs' claims are typical of the FLSA and PMWA Class Members claims. Plaintiffs and the FLSA and PMWA Class Members have sustained damages arising out of Defendant's illegal and uniform employment policy.

46. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

47. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## JURY DEMAND

48. Plaintiffs demand a trial by jury.

## RELIEF SOUGHT

49. WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

    a. For an Order certifying class action(s) under Rule 23 for the purposes of the claims under Pennsylvania law;

    b. For an Order certifying this case as a collective action for the purposes of the FLSA claims;

c. For an Order finding Defendant liable for violations of state and federal wage laws with respect to Plaintiffs and all Class Members covered by this case;

d. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiffs and all Class Members covered by this case;

e. For a Judgment awarding Plaintiffs and all Class Members covered by this case their costs of this action;

f. For a Judgment awarding Plaintiffs and all Class Members covered by this case their attorneys' fees;

g. For a Judgment awarding Plaintiffs and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law;

h. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Joshua P. Geist*
Joshua P. Geist
PA. I.D. No. 85745
Goodrich & Geist, P.C.
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

AND

/s/ Andrew W. Dunlap
Michael A. Josephson
Pennsylvania Bar No. 308410
Texas Bar No. 24014780
*(pending pro hac vice)*
Andrew Dunlap
Texas Bar No. 24078444
*(pending pro hac vice)*
Lindsay R. Itkin

Texas Bar No. 24068647
*(pending pro hac vice)*
**FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
 *(pending pro hac vice)*
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that this First Amended Class and Collective Action Complaint was served on all parties pursuant to the Federal Rules of Civil Procedure.

/s/ Andrew W. Dunlap
Andrew W. Dunlap